# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:10-CV-290-MR-DCK

| | |
|---|---|
| JOHN P. WALKER, AND DONNAS S. WALKER, ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | MEMORANDUM AND |
| ) | RECOMMENDATION |
| QUEENS GAP MOUNTAIN, LLC, DEVINSHIRE ) | |
| LAND DEVELOPMENT, LLC, DEVIN ) | |
| McCARTHY, KEITH VINSON, QUEENS GAP ) | |
| ACQUISITION, LLC, COVE CREEK, LLC, ) | |
| QUEENS GAP HOLDING COMPANY, LLC, D.F. ) | |
| McCARTHY INVESTMENTS XVIII, LLC, and ) | |
| JANIS L. MCCARTHY, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiffs' Motion For Voluntary Dismissal By Court Order" (Document No. 41). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be <u>denied</u>.

## BACKGROUND

Plaintiffs filed their "Complaint" (Document No. 1) in this action on December 13, 2010. The "Answer Of Defendants, Queens Gap Mountain, LLC, Devinshire Land Development, LLC, Queens Gap Acquisition, LLC, Cove Creek, LLC and Keith Vinson…" ("Queens Gap Defendants") (Document No. 12) was filed on January 24, 2011. Defendants D.F. McCarthy Investments XVIII, LLC, Queens Gap Holding Company, LLC and Devin McCarthy ("McCarthy Defendants") filed their "Answer..." (Document No. 13) on January 25, 2011.

On March 1, 2011, the McCarthy Defendants filed a "Motion To Compel Arbitration And To Stay Proceedings" (Document No. 27), which was joined and adopted by the Queens Gap Defendants' on March 16, 2011. (Document No. 31). On September 14, 2011, Judge Reidinger entered a "Memorandum Of Decision And Order" (Document No. 37) granting Defendants' motion to compel arbitration and stay this lawsuit.

On December 5, 2011, Plaintiffs filed a "…Motion To Allow Discovery" seeking leave to conduct "discovery prior to the arbitration of this action." (Document No. 38). United States Magistrate Judge David S. Cayer issued an order denying the motion for discovery on December 6, 2011 noting that he had "consulted with Judge Reidinger's chambers and concludes that any necessary discovery may be conducted as part of the arbitration proceeding." (Document No. 40).

Now pending is "Plaintiffs' Motion For Voluntary Dismissal By Court Order" (Document No. 41) filed on April 22, 2013. The "Plaintiffs' Motion For Voluntary Dismissal…" has been fully briefed by the parties and is now ripe for review and a memorandum and recommendation to Judge Reidinger.

**DISCUSSION**

The undersigned notes that Plaintiffs' instant motion for voluntary dismissal was filed twenty-eight (28) months after the Complaint, and nineteen (19) months after the Court ordered that arbitration in this matter be compelled. Plaintiffs now "seek to voluntarily dismiss this action in Federal Court and file their claims in state court against the remaining Defendants." (Document No. 41-2, p.2). Plaintiffs acknowledge their "obligation to initiate arbitration proceedings" but decline to explain why they did not initiate arbitration here, or why they waited until April 2013 to seek voluntary dismissal. See (Document Nos. 41, 41-2, and 44).

The undersigned finds the following excerpt, and cited cases, instructive on the proper standard of review for a motion to dismiss pursuant to Fed.R.Civ.P. 41(a)(2):

> "The basic purpose of Rule 41(a)(2) is to freely permit the plaintiff, with court approval, to voluntarily dismiss an action **so long as no other party will be prejudiced**." LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976) (emphasis added). As such, in deciding how to rule on a motion to voluntarily dismiss, "a district court should consider factors such as the **opposing party's effort and expense in preparing for trial**, **excessive delay and lack of diligence on the part of the movant**, and **insufficient explanation of the need for a voluntary dismissal**, as well as the **present stage of litigation**." Miller v. Terramite Corp., 114 Fed.Appx. 536, 539 (4th Cir. 2004) (internal citations and quotations omitted). The Fourth Circuit has specifically held that a motion to voluntarily dismiss under Rule 41(a)(2) should be **denied when a plaintiff seeks to circumvent an expected adverse result**, and that "denial of voluntary dismissal is appropriate where summary judgment is imminent." Skinner v. First Am. Bank of Va., No. 93–2493, 1995 WL 507264, at *2 (4th Cir. Aug. 28, 1995); see also Davis v. USX Corp., 819 F.2d 1270, 1274 (4th Cir. 1987).

Nesari v. Taylor, 806 F.Supp.2d 848, 860-61 (E.D.Va. 2011) (emphasis added); see also, Jacobson v. National Passenger Railroad Corp., 2013 WL 241374 at *1 (M.D.N.C. Jan. 22, 2013); and Black v. Parsons, 3:12-CV-286-RJC, 2013 WL 566856 at *3 (W.D.N.C. Feb. 13, 2013).

Defendants argue that they would be prejudiced by a voluntary dismissal of this action pursuant to Rule 41(a)(2), and that Plaintiffs should be required to initiate arbitration within a reasonable period of time, or that this action be dismissed with prejudice. (Document Nos. 42, 43). The undersigned finds that Defendants' responses effectively address the relevant factors identified above.

First, Defendants contend that the "stage of litigation" factor heavily favors denial of the instant motion. (Document No. 42, p.10). Defendants note that the case, and the order to arbitrate, have been pending for a substantial period of time. Id. Defendants specifically acknowledge that the Fourth Circuit has held that "[t]he 'mere prospect that the plaintiff would pursue her state law claims in state court' is not sufficient prejudice to the defendant for purposes of Rule 41(a)(2)." (Document No. 42, p.10) (quoting Davis v. USX Corp., 819 F.2d at 1276). However, Defendants distinguish Davis from the present case because in Davis there was no arbitration agreement at issue, or order compelling the parties to arbitrate their claims. Id.

Next, Defendants assert that the "diligence of the movant" is nonexistent. (Document No. 45, pp.10-11). As noted previously, Plaintiffs' motion to voluntarily dismiss was filed after significant delay, for which they have offered little, if any, explanation. Moreover, Plaintiffs' explanation for needing the dismissal, because "many of the Defendants have been administratively dissolved," is unpersuasive. (Document No. 41-2, p.2). Under the circumstances, it appears just as likely that Plaintiffs are seeking to avoid an "adverse result" – this Court's order compelling arbitration, and/or an expected adverse result if they proceed with arbitration.

Defendants further argue that they "have incurred considerable 'effort and expense' associated with responding to Plaintiffs' Complaint and presenting its Motion to Compel Arbitration and to Stay Proceedings in this and the other identical Queens Gap cases." (Document No. 42, p.11) (citing Document No. 42-1).

After careful consideration of the parties' arguments and the record of this case, the undersigned agrees that Defendants would be unfairly prejudiced by a Rule 41(a)(2) dismissal of this action.

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Plaintiffs' Motion For Voluntary Dismissal By Court Order" (Document No. 41) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiffs be required to **SHOW CAUSE** why this matter should not be **DISMISSED** pursuant to Fed.R.Civ.P. 41(b) for failure to comply with the Court's "Memorandum Of Decision And Order" (Document No. 37).

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: June 19, 2013

David C. Keesler
United States Magistrate Judge