IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:10-cv-00290-MR-DCK

| | |
|---|---|
| JOHN P. WALKER and DONNA S. WALKER, Co-Trustees of the 2004 WALKER FAMILY TRUST,<br><br>Plaintiffs,<br><br>vs.<br><br>QUEENS GAP MOUNTAIN, LLC, a North Carolina limited liability company; DEVINSHIRE LAND DEVELOPMENT, LLC, a North Carolina limited liability company; QUEENS GAP ACQUISITION, LLC, a Delaware limited liability company; COVE CREEK LLC, a North Carolina limited liability company; D.F. McCARTHY INVESTMENTS XVIII, LLC, an Ohio limited liability company; QUEENS GAP HOLDING COMPANY, LLC, an Ohio limited liability company; DEVIN McCARTHY, JANIS L. McCARTHY both individually and as Trustees of the Devin F. McCarthy Revocable Trust Dated September 14, 1994; and KEITH VINSON, individually,<br><br>Defendants. | <u>ORDER</u> |

**THIS MATTER** is before the Court for resolution of the Plaintiffs' Motion for Voluntary Dismissal [Doc. 41] and the Plaintiffs' Objections [Doc. 46] to the Magistrate Judge's Memorandum and Recommendation [Doc.

45] regarding said motion. For the reasons that follow, this Court will reject the Plaintiffs' Objections and affirm Magistrate Judge Keesler's decision recommending the denial of Plaintiffs' request to voluntarily dismiss this action.

## FACTUAL AND PROCEDURAL BACKGROUND

The dispute underlying this action surrounds Plaintiffs' purchase of an unimproved parcel of real property in Rutherford County, North Carolina, located in a development known as Queens Gap. [Doc. 1 at 14]. The Plaintiffs allege they bought their property based on assurances that the Queens Gap community would be developed to contain certain necessities and amenities which, they claim, never occurred. [Id. at 12-41]. In purchasing their property, the Plaintiffs executed a Lot Purchase Agreement containing an arbitration clause. [Doc. 33-1 at 9].

On December 13, 2010, Plaintiffs filed their Complaint in this action against the Defendants asserting the following claims: (1) fraudulent inducement; (2) fraud; (3) breach of implied warranty; (4) violation of the Interstate Land Sales Act; (5) unfair and deceptive trade practices; (6) unjust enrichment and constructive trust and (7) punitive damages. [Doc. 1 at 41-54]. Plaintiffs' claims arise from allegations that Defendants misled

Plaintiffs in connection with the Lot Purchase Agreement and that Defendants have breached that Agreement by failing to complete the construction of the infrastructure and amenities in the Queens Gap development. [Id.].

On March 1, 2011, Defendants D.F. McCarthy Investments XVIII, LLC; Queens Gap Holding Company, LLC; Devin McCarthy; and, Janis McCarthy (herein collectively "McCarthy Defendants"), filed a motion [Doc. 27] to stay this proceeding and to compel Plaintiffs to arbitrate their claims pursuant to the arbitration clause contained in the Lot Purchase Agreement. Shortly thereafter, on March 16, 2011, Defendants Queens Gap Mountain, LLC; Devinshire Land Development, LLC; Queens Gap Acquisition, LLC; Cove Creek, LLC; and Keith Vinson (herein collectively "Queens Gap Defendants") filed a motion [Doc. 31] adopting the McCarthy Defendants' motion seeking to compel arbitration.

On September 14, 2011, this Court granted Defendants' motion to compel arbitration by order entered that day. [Doc. 37]. Further, this Court stayed this action to permit the arbitration to go forward. [Id.].

Three months after this Court ordered the parties to arbitrate, the Plaintiffs filed a motion to permit discovery. [Doc. 38]. That motion was

summarily denied the following day. [Doc. 40]. Sixteen months after Plaintiffs' motion for discovery was denied, Plaintiffs filed the present motion to voluntarily dismiss this case. [Doc. 41]. No arbitration has occurred thus far.

Pursuant to 28 U.S.C. § 636(b), the Honorable David C. Keesler, United States Magistrate Judge, was designated to consider Plaintiffs' pending motion for voluntary dismissal and to submit to this Court a recommendation for the disposition of this motion.

On June 19, 2013, the Magistrate Judge filed a Memorandum and Recommendation [Doc. 45] in this case containing proposed findings of fact and conclusions of law in support of a recommendation denying Plaintiffs' dismissal motion. The parties were advised that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Doc. 45 at 5]. Plaintiffs filed their Objections [Doc. 46] within the applicable period and the Defendants have responded thereto [Doc. 47].

## STANDARD OF REVIEW

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed

findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). Additionally, the Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A) permits a plaintiff to take a non-prejudicial dismissal for any reason or for no reason, without court approval, if done before the opposing party serves either an answer or motion for summary judgment, or if all parties that have appeared so stipulate. Id. Barring those circumstances, or after a defendant has filed a

counterclaim,[1] a plaintiff may take a dismissal without prejudice under Rule 41 only by court approval. Fed.R.Civ.P. 41(a)(2). The court's intervention and ultimate consent to a plaintiff's dismissal motion once the proceedings extend beyond a certain stage is to ensure the defendant is not substantially prejudiced. <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986). The determination of a motion to dismiss under Rule 41(a)(2) lies within this Court's discretion. <u>Davis v. USX Corp</u>, 819 F.2d 1270, 1273 (4th Cir. 1987). In exercising its discretion, this Court will be guided by the following factors: (1) the excessive delay and lack of diligence, if any, on the part of the plaintiff in prosecuting the action; (2) the plaintiff's explanation for the dismissal; (3) the timing of plaintiff's motion in conjunction with the stage of the litigation; (4) the defendant's effort and

---

[1] Whether a demand for arbitration constitutes a compulsory counterclaim under Fed.R.Civ.P. 13(a) is an open question in the Fourth Circuit. The circuits that have addressed the issue are split. The Second and Third Circuits find such a demand to be a counterclaim. <u>Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.</u>, 369 F.3d 645, 650 (2d Cir. 2004); <u>Towers, Perrin, Forster & Crosby, Inc. v. Brown</u>, 732 F.2d 345, 348 (3d Cir. 1984). In a well-reasoned, albeit unpublished decision, the Ninth Circuit has opined to the contrary. <u>Capon v. Ladenburg, Thalman Co.</u>, 92 Fed.Appx. 400, 401 (9th Cir. 2004). The Fifth Circuit originally sided with the Second and Third Circuits' view, see <u>Dupuy–Busching Gen. Agency, Inc. v. Ambassador Ins. Co.</u>, 524 F.2d 1275, 1277 (5th Cir. 1975), but later retreated, see <u>Municipal Energy Agency of Mississippi v. Big Rivers Elec. Corp.</u>, 804 F.2d 338, 344–45 (5th Cir. 1986) deeming <u>Dupuy</u>'s characterization of a motion to compel arbitration as a compulsory counterclaim obiter dictum and therefore not controlling. Because this Court already has entered an order compelling arbitration in this case, whether to construe the Defendants' motion to compel arbitration in this matter as a counterclaim or not has become moot.

expense in defending the action and preparing for trial. Nesari v. Taylor, 806 F.Supp.2d 848, 861 (E.D. Va. 2011); Buchanan County v. Equitable Prod. Co., 788 F.Supp.2d 497, 499 (W.D. Va. 2011).

Before addressing Plaintiffs' arguments that the Magistrate Judge issued erroneous legal conclusions, the Court will address three points on which the Plaintiffs assert the Magistrate Judge erred by failing to find certain facts. First, the Plaintiffs state the Magistrate Judge failed to find that some of the Defendant entities have been administratively dissolved. [Doc. 46 at 3]. This objection is puzzling because Plaintiffs assign no legal significance to the administrative dissolution or lack thereof as to any Defendants in this case. They merely state that if their motion to dismiss is granted, they can proceed against all viable Defendants in state court. [Doc. 41-2 at 2]. That some Defendants may be administratively dissolved presents no obstacle here and the Plaintiffs presently can continue against all the Defendants in this forum. The Court, therefore, will reject this objection.

In their second and third factual objections, Plaintiffs claim the Defendants apparently owe them some duty either to file a motion to compel Plaintiffs' compliance with the Court's arbitration order or to file a

motion to dismiss this action due to the Plaintiffs' failure to prosecute. In the alternative, they argue that the Court was obligated to include a date certain in its arbitration order for arbitration to begin. Since, according to Plaintiffs, none of these alleged preconditions exist in the record, their omission justifies a factual basis for granting Plaintiffs' dismissal motion. [Doc. 46 at 3].

The premise underlying Plaintiffs' second and third objections is a non-sequitur. Take, for example, the following. If Plaintiffs embarked upon travel by train from New York to Philadelphia but fell asleep on their journey, missed their stop, and awoke in Washington well beyond their destination, they certainly would have no basis to claim that the conductor was at fault for failing to prevent them from incurring the unpleasant consequences flowing from their own inattention. Plaintiffs are the masters of their own destiny and, having commenced this action, they bear the responsibility to see it through to a resolution, in whatever form that may take consistent with their behavior. The Court, therefore, rejects Plaintiffs' second and third factual objections.

The legal objections lodged by Plaintiffs fare no better than their factual objections. Plaintiffs contend the Magistrate Judge arrived at the

wrong conclusions when assessing the factors generally considered by a court in passing upon the propriety of a plaintiff's motion filed pursuant to Rule 41(a)(2). Plaintiffs assert that the Magistrate Judge misapplied these factors in light of relevant case law which resulted in an erroneous recommendation to deny their motion to dismiss. [Doc. 46 at 5]. The Court will address these factors in turn bearing in mind its ultimate task is to determine whether they indicate that prejudice would befall Defendants in the event Plaintiffs' dismissal motion were granted. Davis, 819 F.2d at 1273 (in considering a motion for voluntary dismissal, the district court must focus primarily on protecting the interests of the defendant).

1. <u>The excessive delay and lack of diligence, if any, on the part of the plaintiff in prosecuting the action.</u>

The Magistrate Judge observed that Plaintiffs filed their dismissal motion twenty-eight months after the Complaint and nineteen months after the Court ordered arbitration. [Doc. 45 at 2]. While the Plaintiffs did not have the control over when a trial date would be set at the time they filed their Complaint, they certainly had the control to begin selecting an arbitrator and schedule arbitration upon receipt of the Court's order compelling arbitration. Plaintiffs have offered no explanation for their lack of diligence in carrying into effect the Court's order to arbitrate. Instead of

9

asserting some excusable basis for failing to pursue arbitration, Plaintiffs avoid the discussion altogether, pointing first to the Defendants' claim that the passage of time is not sufficient prejudice to forestall dismissal, and second to the Ninth Circuit's Capon decision, cited supra at n.1.

So as to not lose sight of the forest for the trees, it bears mentioning that the filing of a federal lawsuit necessarily contemplates a certain degree of responsibility be borne by a plaintiff timely to prosecute her cause of action and to obey the intervening orders of the court along the way. Plaintiffs have accomplished neither task in a satisfactory way. Defendants are correct to note that memories fade with the passage of time. With regard to Capon, Plaintiffs' reliance on that decision is misplaced. The plaintiff in Capon filed his dismissal motion after the defendant filed a motion to compel arbitration. In this case, Plaintiffs did not file their dismissal motion until nineteen months after the Court *ordered* arbitration. The Court agrees with the Magistrate Judge that the diligence of the movant is nonexistent and finds this factor weighs in favor of the Defendants.

2. <u>The plaintiff's explanation for the dismissal.</u>

Plaintiffs' explanation that their dismissal should be allowed because some of the Defendant entities have been administratively dissolved is unpersuasive. Likewise, Plaintiffs' claim that the "Vinson Defendants [are riding] the coattails of the McCarthy [Defendants'] defense[,]" is of no moment. [Doc. 46 at 9]. Having chosen this forum and the opposing parties to summon here, Plaintiffs cannot complain about the manner in which the Defendants conduct their case. While quite telling, it is nonetheless immaterial that Plaintiffs have taken advantage of more permissive state procedural rules[2] and refiled similar cases twice in state court to resolve some matters "by default." [Doc. 46 at 10].

If any Defendant, due to insolvency, can no longer afford counsel or otherwise defend itself, what advantage is gained by Plaintiffs obtaining a default judgment against it? Plaintiffs' motive to file their case anew in state court is more than just "the annoyance of a second litigation upon the same subject matter." <u>Davis</u>, 819 F.2d at 1275 (citation omitted). While it is accepted that the possibility of a tactical advantage may come about in a future litigation following a dismissal, <u>id.</u>, Plaintiffs should not now be free to

---

[2] <u>See</u> N.C.R.Civ.P. 41(a)(1) (with the exception of a class action, a plaintiff may take a dismissal without court approval at any time prior to resting his case).

start their case all over again in this or any court if the underlying purpose is to wage a war of economic attrition. The Court finds this factor weighs in favor of the Defendants.

3. <u>The timing of plaintiff's motion in conjunction with the stage of the litigation.</u>

The Magistrate Judge found that this "factor heavily favors denial of the instant motion." [Doc. 45 at 4]. Plaintiffs never addressed why they were filing their motion to dismiss nineteen months after the Court ordered arbitration but did acknowledge that the Magistrate Judge was justified in finding that this case and the order to arbitrate have been pending for a substantial period of time. However, without first looking at themselves in the mirror, Plaintiffs place the blame for their tardiness squarely at the feet of the Defendants due to the Defendants' failure to make "any effort to bring the litigation to a swift end." [Doc. 46 at 11]. The Court finds this statement rather remarkable.

If the Court takes this statement at face value, Plaintiffs, at best, misapprehend our adversary system of litigation; at worst, they harbor some grandiose expectations about Defendants. Defendants had no say in Plaintiffs' decision to bring them into court. There can be no dispute that they would have preferred not to have been brought here. Given the

Defendants presence here and now, however, Plaintiffs can neither assume nor demand that Defendants would conduct their defense in any way favorable to Plaintiffs, including helping Plaintiffs wrap up their case. If this were the only explanation for Plaintiffs filing their dismissal motion at this late stage, it would be sufficient to find this factor in favor of Defendants. There is, however, more to the story.

This Court's order compelling arbitration was entered on September 14, 2011. [Doc. 37]. Defendants assert, and Plaintiffs do not deny, that counsel for the McCarthy Defendants represented those same defendants in a "Queens Gap" case substantially similar to the present action which was dismissed after arbitration by an order of the arbitrator dated September 30, 2011. [Doc. 42-1 at 1]. On December 1, 2011, counsel for the McCarthy Defendants contacted Plaintiffs' counsel by email in an effort to get the arbitration train out of the station. [Id. at 2]. Following that contact, as averred by defense counsel, "Plaintiffs have not suggested an arbitrator, they have not initiated an arbitration proceeding and they have not pursued appointment of an arbitrator through the AAA in Charlotte." [Id. at 3]. Not only does Plaintiffs' assertion – that Defendants' inaction has stymied the process – now appear to ring hollow, but also it reveals that a

reasonable inference could be drawn that Plaintiffs desire to file their motion to dismiss in the face of an order compelling arbitration may have been motivated by an improper purpose. Nesari, 806 F.Supp.2d at 861. Plaintiffs may be seeking a dismissal to circumvent an expected adverse result from an arbitrator. The Court concurs with the Magistrate Judge that this factor heavily favors denial of the instant motion.

    4.    <u>The defendant's effort and expense in defending the action and preparing for trial.</u>

Plaintiffs' best argument in favor of their dismissal motion comes under this factor, that the Defendants have not incurred more than minimal expense in preparing for trial. [Doc. 46 at 6]. That is not to say, however, that Defendants have borne no expense in this litigation. Defendants have fully briefed, and vigorously argued, their motion to stay this matter and compel arbitration. Plaintiffs have done so as well. While a motion to compel arbitration is no functional equivalent, procedurally, to a motion for summary judgment, the effort and expense involved in filing and briefing such a motion is similar. It appears that the Magistrate Judge made no specific finding with regard to this factor, observing only the Defendants' argument that they have incurred considerable effort and expense in this matter. [Doc. 45 at 4]. Given that no discovery has taken place in this

proceeding, or in anticipation of the compelled arbitration for that matter, the Court finds this factor in favor of Plaintiffs.

## CONCLUSION

After a careful review of the Magistrate Judge's Memorandum and Recommendation [Doc. 45], the Court finds that the proposed findings of fact and conclusions of law are consistent with current case law. Accordingly, the Court hereby accepts the Magistrate Judge's recommendation that the Plaintiffs' Motion for Voluntary Dismissal be denied. In the end, Plaintiffs' recitation of one passage from the Fourth Circuit's Davis opinion is apropos: "one court is as good as another." [Doc. 41-2 at 3, quoting Davis, 819 F.2d at 1275]. This forum will have to suffice.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objections [Doc. 46] are **REJECTED**; the Magistrate Judge's Memorandum and Recommendation [Doc. 45] is **ACCEPTED**; and the Plaintiffs' Motion for Voluntary Dismissal [Doc. 41] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs shall file within 45 days hereof a Notice indicating that (1) an Arbitrator has been selected, (2) the name of the proposed Arbitrator, and (3) a proposed commencement date

or schedule for Arbitration to begin.  Should Plaintiffs fail timely to file such Notice, the Court will enter an order dismissing this action with prejudice.

**IT IS SO ORDERED**.     Signed: October 1, 2013

Martin Reidinger
United States District Judge